UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT INTERNAL REVENUE SERVICE'S MOTION TO DISMISS (Dkt. 6, filed February 6, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 6, 2017 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On January 4, 2017, plaintiff Randolph Watkins III—proceeding pro se—filed an action against defendant Internal Revenue Service ("IRS"). Dkt. 1 ("Compl."). Plaintiff asserts two claims: (1) violation of a legally binding settlement contract; and (2) harassment. Id. at 6–7. In his prayer for relief, plaintiff seeks declaratory relief, specifically declarations that: (a) a purported settlement agreement between plaintiff and the IRS is legally binding; (b) the IRS is responsible for plaintiff's court costs in the amount of $400; (c) the IRS has refused to abide by the law and therefore plaintiff is entitled to a financial judgment for the harassment and emotional pain and suffering caused by the IRS; and (d) the IRS must cease and desist further communication and harassment related to this matter. Id. at 8–9. Finally, plaintiff seeks to recover $100,000 in damages. Id.

On February 6, 2017, the United States—on behalf of the IRS—filed the instant motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Dkt. 6 ("MTD"). Plaintiff filed an opposition to the government's motion on February 10, 2017. Dkt 8 ("Opp'n"). The government filed its reply on February 16, 2017. Dkt. 7 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

By letter dated July 5, 2016, the IRS sent plaintiff a statement of proposed changes regarding his income tax return for tax year 2014. Compl. at 3; id. Ex. 1 ("Statement of Proposed Changes"). The statement indicated that plaintiff owed $6,436, on the basis of the following income that plaintiff did not report: (a) $53 from a wage and hour class action settlement; and (b) $5,063 in retirement taxable income from Charles Schwab Bank. Statement of Proposed Changes.

In a July 30, 2016 letter to the IRS, plaintiff argued he did not make a mistake on his taxes and enclosed a check for $307. Compl. at 4; id. Ex. 2 ("July Letter"). Plaintiff stated that he *had* claimed the $53 on his tax return and that he obtained a $5,000 (not $5,063) *tax-free* loan from Charles Schwab. July Letter. Nonetheless, plaintiff stated that he would, in good faith, pay his net effective tax rate from 2014 on the $5,000 that Charles Schwab allegedly mishandled, in the amount of $307. Id. Plaintiff further asserted in the letter: "By depositing this check you agree to all alleged back taxes, fees, interest and outstanding balances null and void." Id. The back of the check included the same statement. Id.

In a September 6, 2016 letter to plaintiff, the IRS stated that it had received plaintiff's July Letter and that the agency had not yet resolved the matter. Id. Ex. 3. The letter stated that the IRS would contact plaintiff again within 60 days with a reply. Id.

In a September 12, 2016 letter to plaintiff, the IRS acknowledged plaintiff's payment of $307, disputed the arguments that plaintiff set forth in his July Letter, and explained the manner in which plaintiff could challenge the additional unreported income. Id. Ex. 4.

In a September 26, 2016 letter to the IRS, plaintiff asserted that when the IRS deposited his $307 check, the agency accepted plaintiff's settlement offer and, therefore, he owed no further taxes. Id. Ex. 5.

In a November 29, 2016 letter to plaintiff, the IRS stated: "We accepted your check to help stop interest from accruing. This does not mean we accepted it as payment in full." Id. Ex. 6. The letter warned that plaintiff would receive a notice of deficiency in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

the near future. Id. On December 5, 2016, the IRS sent plaintiff a notice of deficiency. Id. Ex. 7.

Plaintiff alleges that the IRS "continues to harass" him, even "after accepting a legally binding settlement contract." Id. at 3.

### III. LEGAL STANDARDS

**1. Rule 12(b)(1)**

A motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction properly comprehended . . . . refers to a tribunal's power to hear a case[.]" Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region, 558 U.S. 67, 81 (2009) (quotation marks omitted). "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts are empowered to hear only those cases that: " (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." Charles Wright et al., 13 Federal Practice & Procedure § 3522 (3d ed.).

A Rule 12(b)(1) motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publishing co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See Charles A. Wright et al., 5B Federal Practice and Procedure § 1350 (3d ed.). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id. When deciding a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

Rule 12(b)(1) motion, the court construes all factual disputes in favor of the non-moving party. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    2.    Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

The government requests that the Court dismiss plaintiff's claims for lack of subject matter jurisdiction because: (1) the government has not waived sovereign immunity; (2) a plaintiff may not seek declaratory judgments with respect to federal taxes; (3) plaintiff has not satisfied any of the requirements to bring a claim for a tax refund and his efforts to dispute his tax liability are prohibited by the Anti-Injunction Act; and (4) plaintiff may not seek any claim for damages under the Federal Tort Claims Act if the claims arise from the assessment or collection of a tax. MTD at 2–7.

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, "the Uniform Commercial Code, Article 3," and "the California Uniform Commercial Code, Section 3311." Compl. at 1. In his opposition, plaintiff argues that the government waived its sovereign immunity "when it bound itself to a legal contract" and has waived its immunity pursuant to the Tucker Act. Opp'n at 3, 4. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). However, courts have "no authority to create equitable exceptions to jurisdictional requirements[.]" Bowles v. Russell, 551 U.S. 205, 214 (2007); see also Pryor v. United States, 85 Fed. Cl. 97, 103 (2008) ("[T]he leniency afforded pro se litigants with respect to mere formalities does not relieve them of the burden to meet jurisdictional requirements.").

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). In order to establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction; and (2) a "wavier of sovereign immunity." Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007); see also McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
|---|---|---|---|
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

jurisdiction."). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996).

While "28 U.S.C. § 1331 grants district courts original jurisdiction over 'all civil actions arising under the Constitution, laws or treaties of the United States,' . . . it does not waive sovereign immunity." United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009). The Uniform Commercial Code and the California Commercial Code are not federal law, do not confer subject matter jurisdiction, and do not waive sovereign immunity. While the Tucker Act provides a waiver of sovereign immunity and for jurisdiction *in the Court of Federal Claims* for contract claims against the United States, see 28 U.S.C. § 1491(a)(1), the Tucker Act does not confer jurisdiction over such claims in a federal *district court*. Plaintiff may have intended to refer instead to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Little Tucker Act provides a waiver of sovereign immunity and concurrent district court jurisdiction over claims against the United States, not exceeding $10,000, based on the Constitution, federal statute, federal regulation, or any express or implied contract with the United States. 28 U.S.C. § 1346(a)(2). Here, however, plaintiff seeks more than $10,000 in damages. Therefore, the Court concludes that plaintiff has failed to establish a waiver of sovereign immunity and may not sue the United States or the IRS.

Moreover, pursuant to the Declaratory Judgment Act, the Court lacks jurisdiction over plaintiff's claims for declaratory relief with respect to federal taxes. See 28 U.S.C. § 2201 (creating a federal tax exception for claims seeking declaratory relief); Blech v. United States, 595 F.2d 462, 467 (9th Cir. 1979) (Although the complaint makes no reference to the Declaratory Judgment Act . . . , the complaint plainly seeks a declaratory judgment as part of the relief. We hold that the specific exception found within s 2201, barring declaratory judgments in respect to federal taxes, precludes the relief sought by the appellants."). Therefore—even if the government *had* waived sovereign immunity—the Court lacks jurisdiction over plaintiff's claims for declaratory relief. See Dodds v. VSM Bus. Assocs., Inc., No. 3:12-cv-02420-H-RBB, 2013 WL 12109003, at *3 (S.D. Cal. Feb. 15, 2013) ("The language of the Declaratory Judgment Act deprives district courts jurisdiction over any suit seeking declaratory judgment with respect to federal taxes, regardless of whether the suit would have the effect of restraining the assessment or collection of federal taxes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-00063-CAS-SS | Date | February 28, 2017 |
| Title | RANDOLPH WATKINS III v. INTERNAL REVENUE SERVICE | | |

Finally, the Court lacks jurisdiction over plaintiff's claim for damages to the extent he seeks damages based on a state-law tort claim for harassment. Though the United States has waived its immunity with respect to certain tort actions under the Federal Tort Claims Act ("FTCA"), the FTCA specifically excludes from federal jurisdiction claims against the United States for money damages "arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. § 2680(c). "This provision has been interpreted quite broadly . . . and clearly covers actions such as those alleged in . . . plaintiff's complaint." Konczak v. Manager, IRS, Fresno, Cal., No. 96-cv-6544-WJR-RNB, 1997 WL 152000, at *2 (C.D. Cal. Jan. 2, 1997). Furthermore, plaintiff is not entitled to sue for damages under 26 U.S.C. § 7433—which provides for civil damages for certain unauthorized tax collections—because (a) "a taxpayer cannot seek damages under § 7433 for improper assessment of taxes[,]" Miller v. United States, 66 F.3d 220, 223 (9th Cir. 1995), and (b) plaintiff fails to allege that he exhausted his administrative remedies, as is required by 26 U.S.C. § 7433(d)(1).

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over plaintiff's claims.

**V.      CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** the government's motion and **DISMISSES** plaintiff's claims without prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |